```
UNITED STATES DISTRICT COURT                                    FILED
EASTERN DISTRICT OF NEW YORK                              IN CLERK'S OFFICE
                                                     U.S. DISTRICT COURT E.D.N.Y.
----------------------------------------------------------X
                                                    *    AUG 16 2018    *
MICHAEL GAINES,
                                                         LONG ISLAND OFFICE
                       Plaintiff,
                                             :      ORDER
        -against-                            :      18-CV-02109 (JFB)(GRB)
                                             :
NASSAU UNIVERSITY MEDICAL CENTER,            :
                                             :
                       Defendant.            :
----------------------------------------------------------X
```

JOSEPH F. BIANCO, District Judge:

On April 9, 2018, incarcerated *pro se* plaintiff Michael Gaines ("plaintiff") filed a civil rights complaint against the Nassau University Medical Center ("defendant") pursuant to 42 U.S.C. § 1983 ("Section 1983") together with an application to proceed *in forma pauperis*. Upon review of the declaration accompanying plaintiff's application to proceed *in forma pauperis*, the Court finds that plaintiff's financial status qualifies him to commence this action without prepayment of the filing fee. *See* 28 U.S.C. §1915(a)(1). Accordingly, plaintiff's application to proceed *in forma pauperis* is granted. However, for the reasons that follow, the complaint is *sua sponte* dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b)(1).

## BACKGROUND

Plaintiff's sparse complaint is submitted on the Court's civil rights complaint form and alleges the following, in its entirety:[1]

> I was a patient at the Nassau University Medical Center in East Meadow New York and the hospital staff at NUMC had given my hospital blood specimens to the Nassau County law enforcement without my consent or without a writ from a Judge, Justice, or Magistrate or search warrant from a Judge, Justice, or Magistrate. Also Nassau University Medical staff subjected me to sit in my feces for about 2 1/2 hours while I was a patient there on or about the 18th day of June 2017 and this kind of neglect continued during my stay in the NUMC inmate ward. These procedures was done by hospital staff at the NUMC inmate ward by the nurses over

---

[1] Excerpts from the complaint are reproduced here exactly as they appear in the original. Errors in spelling, grammar, and punctuation have not been corrected or noted.

there. This happened a few times. I have the paperwork to prove the negligence of violating my HIPPA [sic] Rights.

(Compl. ¶ IV.) In the space on the form complaint that calls for a description of any claimed injuries, plaintiff alleges: "My HIPPA [sic] rights were violated by the Nassau University Medical Center in East Meadow, New York." (*Id.* ¶ IV.A.) For relief, plaintiff seeks "to be compensated by the Nassau University Medical Center for violating my patient HIPPA [sic] Rights. I want to be compensated $2,400,000 for the negligent act and damages NUMC caused me to endure . . . ." (*Id.* ¶ V.)

## DISCUSSION

I. *In Forma Pauperis* Applications

Upon review of plaintiff's declaration in support of the application to proceed *in forma pauperis*, the Court finds that plaintiff is qualified to commence this action without prepayment of the filing fee. 28 U.S.C. § 1915(a)(1). Therefore, plaintiff's application to proceed *in forma pauperis* is granted.

II. Sufficiency of the Pleadings

A. Legal Standard

It is axiomatic that district courts are required to read *pro se* complaints liberally, *see Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)); *Chavis v. Chappius*, 618 F.3d 162, 170 (2d Cir. 2010), and to construe them "to raise the strongest arguments that [they] suggest," *Chavis*, 618 F.3d at 170 (quoting *Harris v. City of New York*, 607 F.3d 18, 24 (2d Cir. 2010)). Moreover, at the pleadings stage of the proceeding, the Court must assume the truth of "all well-pleaded, nonconclusory factual allegations" in the complaint. *Kiobel v. Royal Dutch Petroleum Co.*, 621 F.3d 111, 123 (2d Cir. 2010), *aff'd*, 133

S. Ct. 1659 (2013) (citing *Ashcroft v. Iqbal*, 556 U.S. 662 (2009)). However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements . . . are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 678 (citation omitted).

Notwithstanding a plaintiff's *pro se* status, a complaint must plead sufficient facts to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. The plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully." *Id.*; *accord Wilson v. Merrill Lynch & Co.*, 671 F.3d 120, 128 (2d Cir. 2011). While "detailed factual allegations" are not required, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).

B. Applicable Law

1. Section 1983

Section 1983 provides that:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured.

42 U.S.C. § 1983. Section 1983 "is not itself a source of substantive rights, but a method for vindicating federal rights elsewhere conferred by those parts of the United States Constitution and federal statutes that it describes." *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979); *Thomas v. Roach*, 165 F.3d 137, 142 (2d Cir. 1999). In order to state a § 1983 claim, a plaintiff must allege two essential elements. First, the conduct challenged must have been "committed

3

by a person acting under color of state law." *Cornejo v. Bell*, 592 F.3d 121, 127 (2d Cir. 2010) (quoting *Pitchell v. Callan*, 13 F.3d 545, 547 (2d Cir. 1994)). Second, "the conduct complained of must have deprived a person of rights, privileges, or immunities secured by the Constitution or laws of the United States." *Id.*; *see also Snider v. Dylag*, 188 F.3d 51, 53 (2d Cir. 1999).

2. Application

a. Section 1983 Claims

Plaintiff names NUMC as the sole defendant. NUMC is a part of the Nassau County Health Care Corporation ("NCHCC") and "NCHCC is a Public Benefit Corporation created by the New York State Legislature." *Johnson v. County of Nassau*, 480 F. Supp. 2d 581, 588 (E.D.N.Y. 2007). "Public benefit corporations, such as the NHCC, are municipal entities for the purpose of Section 1983." *McIntyre v. NuHealth--Nassau Univ. Med. Ctr.*, 11-CV-3934 (SJF)(AKT), 2011 WL 4434227, at *1 n.4 (E.D.N.Y. Sept. 19, 2011) (citing *McGrath v. Nassau Health Care Corp.*, 217 F. Supp. 2d 319, 330 (E.D.N.Y. 2002) ("Public benefit corporations are governmental entities for Section 1983's purposes.")) (additional citation omitted)).

"In order to allege a plausible Section 1983 claim against a municipality, including a public benefit corporation such as NHCC, a plaintiff must allege an 'injury to a constitutionally protected right . . . that . . . was caused by a policy or custom of the [municipality or municipal entity] responsible for establishing final policy.'" *McIntyre*, 2011 WL 4434227 at *4 (citation omitted); *see also Sewell v. N.Y.C. Transit Auth.*, Nos. 90-CV-3734, 91-CV-1274, 1992 WL 202418, at *2-3 (E.D.N.Y. Feb. 10, 1992) ("The 'policy or custom' requirement of *Monell* applies to public corporations as well as to municipalities. . . . Hence, in order to maintain a cause of action under Section 1983 against [a public benefit corporation], the plaintiff must plead

4

that an impermissible 'policy or custom' of that public benefit corporation denied him his federal rights.").

Here, plaintiff's sparse complaint does not include any factual allegations from which the Court may reasonably infer that the conduct of which plaintiff complains was caused by some policy or custom of NUMC. *Santos v. New York City*, 847 F. Supp. 2d 573, 576 (S.D.N.Y. 2012) ("[A] plaintiff must allege facts tending to support, at least circumstantially, an inference that such a municipal policy or custom exists."). Accordingly, because plaintiff has not alleged a plausible Section 1983 claim against NUMC, his claims against these defendants are dismissed without prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b)(1).

b.  HIPAA Claims

To the extent that plaintiff seeks to allege claims pursuant to the Health Insurance Portability and Accountability Act of 1996, Pub. L. 104-191, 110 Stat. 1936 ("HIPAA"), such claims are *sua sponte* dismissed with prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b)(1). It is well-established that there is no private right of action under the HIPAA law. *See, e.g., Warren Pearl Constr. Corp., et al. v. Guardian Life Ins. Co. of Am.*, 639 F. Supp. 2d 371, 377 (S.D.N.Y. 2009) (collecting cases across numerous circuits standing for that proposition). Rather, HIPAA enforcement actions are in the exclusive purview of the Department of Health and Human Services. *See* 42 U.S.C. § 300gg-22(a) (explaining that the Secretary shall enforce HIPAA); *Montgomery v. Cuomo*, 291 F. Supp. 3d 303, 317 n.42 (W.D.N.Y. 2018) ("Only the Secretary of Health and Human Services or other government authorities may bring a HIPAA enforcement action. There is no private right to sue for a HIPAA violation.") (citing 42 U.S.C. § 300gg-22); *Ames v. Group Health Inc.*, 553 F. Supp. 2d

187, 192 (E.D.N.Y. 2008) (stating that case law is "clear that plaintiffs cannot bring a HIPAA enforcement action due to improper disclosures of medical information"). Thus, to the extent that plaintiff seeks relief under HIPAA, such claims are not plausible and are dismissed with prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915(A)(1).

  c. State Law Claims

Under 28 U.S.C. § 1367(a), "the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." However, courts "may decline to exercise supplemental jurisdiction over a claim" if "the district court has dismissed all claims over which it has original jurisdiction." *Id.* § 1367(c); *see Shahriar v. Smith & Wollensky Rest. Grp., Inc.*, 659 F.3d 234, 245 (2d. Cir. 2011). The Supreme Court explained: "[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine—judicial economy, convenience, fairness, and comity—will point toward declining to exercise jurisdiction over the remaining state-law claims." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988).

Here, given the absence of a viably pled federal law claim, the interests of judicial economy, convenience, fairness, and comity weigh in favor of not exercising supplemental jurisdiction at this time over any state law claims that may be reasonably construed from the complaint. Accordingly, the Court declines to exercise supplemental jurisdiction over any potential state-law claims contained in plaintiff's complaint and dismisses any such claims without prejudice.

C. Leave to Amend

In light of the pleading deficiencies set forth above, the Court has considered whether plaintiff should be given an opportunity to re-plead his claims. Leave to amend should be freely granted when justice so requires. Fed. R. Civ. P. 15(a)(2). "This relaxed standard applies with particular force to *pro se* litigants." *Pangburn v. Culbertson*, 200 F.3d 65, 70 (2d Cir. 1999). The Second Circuit has emphasized that a "court should not dismiss [a *pro se* complaint] without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (citation omitted).

Here, in an abundance of caution and given plaintiff's *pro se* status, the Court grants plaintiff leave to file an amended complaint in accordance with this Order. Plaintiff is advised than an amended complaint completely replaces the original. Therefore, plaintiff must include all claims against a proper defendant(s) that he intends to pursue. Any amended complaint shall be clearly labeled "Amended Complaint," shall bear the same docket number as this order, 18-CV-2109, and shall be filed within thirty (30) days from the date of this Order. If plaintiff does not file an amended complaint within the time allowed, judgment shall enter and the case will be closed. Alternatively, plaintiff may pursue any valid claims he may have, including negligence, in state court.

CONCLUSION

For the reasons set forth above, the Court grants plaintiff's application to proceed *in forma pauperis*. However, the complaint is *sua sponte* dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1). Plaintiff is granted leave to file an amended complaint in

accordance with this Order within thirty (30) days of the date of this Order. If plaintiff does not file an amended complaint within the time allowed, judgment shall enter and the case will be closed. Alternatively, plaintiff may pursue any valid claims he may have in state court. The Clerk of the Court is directed to mail a copy of this Order to the plaintiff at his last known address.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith, and *in forma pauperis* status is therefore denied for the purpose of any appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

S/ Joseph F. Bianco

Dated: August 16, 2018
Central Islip, New York

Joseph F. Bianco
United States District Judge