```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
MICHAEL GAINES,

                        Plaintiff,
                                              SUA SPONTE REPORT &
                                              RECOMMENDATION
         -against-                            CV 18-2109 (RRM) (GRB)

NASSAU COUNTY HEALTH CARE
CORPORATION,

                        Defendant.
-----------------------------------------------------------X
```
**GARY R. BROWN, United States Magistrate Judge:**

*Pro se* plaintiff Michael Gaines ("plaintiff") has failed to meaningfully prosecute this action for many months, ignored court orders and deadlines to provide necessary information for the proposed pre-trial order and file his portion of the proposed pre-trial order with the Court, and disregarded the undersigned's express warnings concerning the potential consequences of such inaction. Accordingly, the undersigned respectfully recommends that the Court dismiss this action with prejudice pursuant to Federal Rule of Civil Procedure ("Rule") 41.

## BACKGROUND

On April 9, 2018, plaintiff commenced this action by filing a complaint alleging that former defendant Nassau University Medical Center violated plaintiff's rights under the Health Insurance Portability and Accountability Act of 1996 ("HIPAA") when hospital staff provided a sample of plaintiff's blood to law enforcement without prior consent or judicial authorization. Compl. ¶ IV, Docket Entry ("DE") 1. On August 16, 2018, the Court dismissed the complaint for failure to state a claim upon which relief may be granted under 28 U.S.C. §§

1

1915(e)(2)(B)(ii) and 1915A, and granted plaintiff leave to file an amended complaint.  DE 12.

On September 14, 2018, plaintiff filed an amended complaint against defendant Nassau County Health Care Corporation ("defendant").[1]  DE 14.  On December 21, 2018, defendant filed an answer to the complaint.  DE 19.  On January 22, 2019, the undersigned directed the parties to complete discovery by July 22, 2019 and submit a proposed pretrial order by August 22, 2019.  DE 20.  On July 1, 2019, plaintiff informed the Court of a change in address.  DE 28.

On August 20, 2019, defendant requested an extension of time to file a proposed pretrial order because plaintiff did not provide to defense counsel a list of witnesses and exhibits to be included in the proposed pretrial order.  DE 29.  On August 21, 2019, the undersigned directed that the joint proposed pre-trial order be filed by October 22, 2019, and warned plaintiff that the failure to prosecute this action may result in a recommendation that this action be dismissed.  Electronic Order dated Aug. 21, 2019.  On October 9, 2019, defense counsel served a copy of said Electronic Order to plaintiff, and filed an affidavit of service with the Court.  DE 30.

On October 22, 2019, defendant filed a letter, stating "To date we have not received a response from plaintiff.  We are therefore unable to file the pretrial order by October 22nd, as directed."  DE 33.  On October 24, 2019, the undersigned directed plaintiff to file his portion of the proposed pre-trial order by November 15, 2019, and cautioned plaintiff that the failure to prosecute this action or the failure to keep a current address with the court may result in a report and recommendation that the case be dismissed.  Electronic Order dated Oct. 24, 2019.  On October 28, 2019, defense counsel served plaintiff a copy of said Electronic Order, and filed an

---

[1] [Nassau University Medical Center] is a part of the Nassau County Health Care Corporation ("NCHCC"), and 'NCHCC is a Public Benefit Corporation created by the New York State Legislature.'"  DE 12 at 4.

2

affidavit of service with the Court. DE 34.

On November 1, 2019, plaintiff filed a letter to the Clerk of the Court requesting an update concerning the status of the case. DE 35. On November 4, 2019, the Pro Se Department of the Court mailed a docket sheet and a letter indicating, "Please take note of Judge Brown's October 24, 2019 Electronic Order which states that your portion of the pre-trial order is due by November 15, 2019." DE 36.

On November 21, 2019, defendant mailed a letter to the Court requesting an extension of time to file a proposed pre-trial order as plaintiff had, once again, failed to file his portion of the proposed pre-trial order. DE 37. On the same day, the undersigned issued the following order:

> Pro se plaintiff is given a **final** warning to file plaintiff's portion of the pre-trial order by November 29, 2019. Once plaintiff's portion of the pre-trial order is filed, defense counsel is directed to file defendant's portion of the pre-trial order by December 6, 2019. **Failure of pro se plaintiff to file his portion of the pre-trial order by the above deadline will result in a sua sponte report and recommendation that the case be dismissed for failure to prosecute.** Defense counsel is directed to serve a copy of this electronic order upon plaintiff, and file proof of service forthwith.

Electronic Order dated Nov. 21, 2019 (emphasis original). On November 21, 2019, defense counsel served a copy of said Electronic Order on plaintiff, and filed an affidavit of service. DE 38. To date, plaintiff has not filed his portion of the proposed pre-trial order.

### DISCUSSION

The federal courts are charged with taking measures "to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts." *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-30 (1962). "If the plaintiff fails to prosecute or to comply with these rules or a court order," the district court may dismiss the complaint. Rule 41(b). "The district court also has the power under [Rule] 41(b) to dismiss a complaint for

3

failure to comply with a court order, treating the noncompliance as a failure to prosecute." *Simmons v. Abruzzo*, 49 F.3d 83, 87 (2d Cir. 1995).

This power can be exercised *sua sponte*. "The authority of a court to dismiss *sua sponte* for lack of prosecution has generally been considered an inherent power, governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Link*, 370 U.S. at 630-31 (internal quotation marks omitted).

When considering "dismissal for failure to prosecute [or] dismissal pursuant to [Rule] 41(b) for failure to comply with an order of the court," a district court principally examines these factors:

> 1) the duration of plaintiff's failures or non-compliance; 2) whether plaintiff had notice that such conduct would result in dismissal; 3) whether prejudice to the defendant is likely to result; 4) whether the court balanced its interest in managing its docket against plaintiff's interest in receiving an opportunity to be heard; and 5) whether the court adequately considered the efficacy of a sanction less draconian than dismissal.

*Baffa v. Donaldson, Lufkin & Jenrette Secs. Corp.*, 222 F.3d 52, 62-63 (2d Cir. 2000); *see also Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996). No one factor is dispositive. *Nita v. Conn. Dep't of Envtl. Prot.*, 16 F.3d 482, 485 (2d Cir. 1994).

Since August 2019, plaintiff has failed to submit the requisite information to defense counsel for a proposed pre-trial order and his portion of the proposed pre-trial order to the Court. *See, e.g.*, DE 20, 29, 31, 33. Plaintiff has been given multiple extensions of time to submit the necessary information for a joint proposed pre-trial order to defense counsel, and plaintiff's portion of a proposed pretrial order to the Court. *See* Electronic Orders dated Aug. 21, 2019, Oct. 24, 2019, and Nov. 21, 2019. Plaintiff was cautioned in each extension of time that the

failure to prosecute this action may result in a recommendation of dismissal of this case. *See* Electronic Orders dated Aug. 21, 2019, Oct. 24, 2019, and Nov. 21, 2019.[2] To date, plaintiff has not filed his portion of the proposed pre-trial order.

In sum, plaintiff has received no shortage of opportunities to be heard. All relevant orders have been served upon him and important deadlines have been extended for his benefit. Rather than unfairly prejudice defendants, dismissal of plaintiff's claims will avoid the continued imposition of unnecessary expense upon defendants. Though cognizant of the strong preference to resolve cases on the merits, plaintiff's failure to follow court orders compels this outcome. Under these circumstances, dismissal is appropriate, fair, and necessary.

## CONCLUSION

For the foregoing reasons, it is respectfully recommended that this action be dismissed with prejudice pursuant to Rule 41(b).

## OBJECTIONS

A copy of this Report and Recommendation is being electronically served on counsel for defendant. Further, the Court is directing defendant to serve a copy of this Report and Recommendation by overnight mail to plaintiff at his last known address and to file proof of service on ECF forthwith. Any written objections to the Report and Recommendation must be filed with the Clerk of the Court within fourteen (14) days of service of this report. 28 U.S.C. §

---

[2] Indeed, plaintiff inquired as to the status of his case, and was warned by the Pro Se Department of the Court to "Please take note of Judge Brown's October 24, 2019 Electronic Order which states that your portion of the pre-trial order is due by November 15, 2019." DE 35, 36.

636(b)(1) (2006 & Supp. V 2011); Fed. R. Civ. P. 6(a), 72(b). Any requests for an extension of time for filing objections must be directed to the district judge assigned to this action prior to the expiration of the fourteen (14) day period for filing objections. **Failure to file objections within fourteen (14) days will preclude further review of this report and recommendation either by the District Court of Court of Appeals.** *Thomas v. Arn,* 474 U.S. 140, 145 (1985) ("[A] party shall file objections with the district court or else waive right to appeal."); *Caidor v. Onondaga Cnty.,* 517 F.3d 601, 604 (2d Cir. 2008) ("[F]ailure to object timely to a magistrate's report operates as a waiver of any further judicial review of the magistrate's decision.").

Dated: Central Islip, New York
      December 9, 2019

                                                /s/ Gary R. Brown
                                                GARY R. BROWN
                                                United States Magistrate Judge